# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DAVID FERRELL and ELIZABETH FERRELL,**
**Defendants Below, Petitioners**

**v.) No. 23-ICA-429** (Cir. Ct. Logan Cty. Case No. 22-C-94)

**TENA FERRELL and MICHAEL FERRELL,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioners David Ferrell and Elizabeth Ferrell (collectively "Petitioners") appeal the following five orders from the Circuit Court of Logan County: an April 17, 2023, order granting summary judgment for Respondents; an April 26, 2023, supplemental order regarding Petitioners' objection to language in the April 17, 2023, order; a May 14, 2023, order following a May 11, 2023, hearing on Petitioners' motion to correct judgment and motion to include third-party defendant, stating the circuit court will perform additional review; a May 24, 2023, order denying Petitioners' motion to file third-party complaint and motion to correct the April 14, 2023, order; and a July 29, 2023, order from the circuit court related to the filing of this appeal. Respondents Tena Ferrell and Michael Ferrell (collectively "Respondents") filed a response.[1] Petitioners filed a reply. This case involves a dispute over a deeded right-of-way easement which Petitioners allege they had over Respondents' land.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The underlying litigation revolves around a dispute between Petitioners and Respondents regarding a right-of-way easement. Petitioners, a married couple, and Respondents, also a married couple, own adjoining parcels of land in Logan County, West Virginia. Both parties obtained title to their property from the prior owner, Ronald Hatfield.

---

[1] Petitioners are represented by David R. Karr, Jr., Esq. Respondents are represented by Donald C. Wandling, Esq.

1

Petitioners' parcel was conveyed by deed dated October 3, 2000, and Respondents received their title by deed dated October 21, 2011.

A creek separates both parties' homes from the public roadway. Petitioners purchased their land with the intent to build a home, and they were unable to access their property without the alleged easement at issue in this matter. Their deed conveyed a right-of-way easement, which reads as follows: "Also granting a right of way for purposes of ingress and egress over and across the remaining or adjoining property of the parties of the first part, which right of way is hereby conveyed to the parties of the second part their successors, heirs and assigns." A few years after building their home, Petitioners built a bridge across the creek and a driveway that provided them a path leading from the public road directly to their home. After this bridge was constructed, it is undisputed that the right-of-way easement was no longer the primary means of accessing their home.

On July 26, 2022, Respondents filed their complaint in the Circuit Court of Logan County asking the circuit court to terminate the right-of-way easement. On January 2, 2023, Respondents moved for summary judgment. Petitioners filed a response and a motion to continue requesting additional time to gather evidence. On April 4, 2023, the circuit court held a hearing on the motion for summary judgment and entered an order on April 17, 2023, granting summary judgment for Respondents. The circuit court held that the right-of-way in Petitioners' deed was legally void for lack of certainty as to location and width and allowed Petitioners' counterclaim to continue. The circuit court held that Petitioners "are temporarily and permanently enjoined from crossing the Plaintiff's real property to gain ingress and egress to Defendant's real property or from the use of any claimed right of way set forth in the deed dated October 3, 2000 . . . ."

On April 26, 2023, the circuit court entered an order overruling Petitioners' objections to the language in the April 17, 2023, order which granted summary judgment for Respondents. Next, on May 1, 2023, Petitioners filed a motion pursuant to Rules 59 and 60 of the West Virginia Rules of Civil Procedure to correct the order granting summary judgment for Respondents. On May 9, 2023, Petitioners also filed a motion for leave to file a third-party complaint. Petitioners argued that complete relief could not be afforded to the parties if Mr. Hatfield was not added as a party. Petitioners argue that Hatfield defrauded them by not transferring an enforceable easement. Respondents filed a response to both motions.

The circuit court held another hearing on May 11, 2023, on Petitioners' motion to correct the ruling and to amend their pleadings to include third-party defendants. In an order dated May 14, 2023, the circuit court stated it would perform additional review before making its ruling. On May 24, 2023, the circuit court entered an order denying Petitioners' motion to file third-party complaint and motion to correct the April 14 [sic], 2023, order. In that order, the circuit court set Petitioners' counterclaims for a jury trial set to begin on December 11, 2023.

On July 29, 2023, the circuit court entered an order denying Petitioners' motions pursuant to Rule 59 and Rule 60 which sought the correction of the judgment order entered on May 24, 2023. This order expressed its determinations as final and granted permission to file this appeal in this Court. This appeal followed.

We apply a de novo standard of review to the orders on appeal. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."); *W. Va. Fire & Cas. Co. v. Mathews,* 209 W. Va. 107, 111, 543 S.E.2d 664, 668 (2000) (A de novo standard of review applies to appeal of order denying motion to alter or amend summary judgment).

In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply, and that standard states, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting Syl. Pt. 2, *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756). "Summary judgment is appropriate if, from the totality of the evidence presented ... the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995). "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Id.* at 60, 459 S.E.2d at 337 (quotations and citations omitted).

On appeal, Petitioners assert nine assignments of error. These assignments of error relate to various motions and determinations made by the circuit court. We begin by noting the Petitioners' failure to comply with Rule 7 of the West Virginia Rules of Appellate Procedure. First, Rule 7(a) provides that "[a]n appendix must contain accurate reproductions of the documents and exhibits submitted to the lower court . . . and may be reproduced using any method that produces a permanent, legible image." Petitioners' photographs provided to this Court and relied upon by the parties are unidentifiable as to the aspects at issue in this matter. Second, Petitioners have failed to comply with Rule 7(d)(2). It is incumbent upon the Petitioners to provide all the "[p]leadings, motions, and other filings, if their sufficiency, content, or form is in issue or material[.]" Further, Rule 7(d)(5) requires Petitioners to provide "[m]aterial excerpts from official transcripts of testimony or from documents in connection with a motion." Petitioners failed to provide a copy of any transcripts for this Court's review. As the Supreme Court of Appeals of West Virginia has cautioned, it "is limited in its authority to resolve assignments of nonjurisdictional errors to a consideration of those matters passed upon by the court below and fairly arising upon the portions of the record designated for appellate review." Syl. Pt. 6, *Parker v. Knowlton Const. Co., Inc.*, 158 W. Va. 314, 210 S.E.2d 918 (1975), *overruled on other grounds by Gibson v. Northfield Ins. Co.*, 219 W. Va. 40, 631 S.E.2d 598 (2005).

3

The primary issue before this Court is the circuit court's determination of a legally void right-of-way for lack of certainty and width. West Virginia Code § 36-3-5a (2013) provides the following requirements for a valid reservation of an easement or right-of-way:

> Any deed or instrument that initially grants or reserves an easement or right-of-way shall describe the easement or right-of-way by any of the following:
>
> (1) Metes and bounds;
> (2) Specification of centerline: Provided, That any deed or instrument, executed on or after September 1, 2013, that initially grants or reserves an easement or right-of-way using the centerline method must also include the width;
> (3) Station and offset; or
> (4) Reference to an attached drawing or plat which may not require a survey or instrument based on the use of the global positioning system which may not require a survey.

After reviewing the record before us and the applicable legal authority, we find no support for the Petitioners' assignments of error. The burden of proof at the summary judgment stage, as is the same burden before this court on appeal, rests with those opposing the motion for summary judgment. Petitioners are required to offer sufficient evidence supporting their position of a valid right-of-way. This Court, in reviewing the matter de novo, finds that the Petitioners have failed to make a sufficient showing on appeal as to any essential element in opposition of the motion for summary judgment. Therefore, the circuit court's determination awarding summary judgment in favor of the Respondents is affirmed.

Accordingly, we affirm.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear